UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMMANUEL EVARISTE,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON POLICE DEPARTMENT,<br>OFFICER JONATHAN O'BRIEN, and<br>OFFICER K. DUGAL,<br><br>    Defendants. | Civil Action No.<br>18-12597-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, plaintiff's pending motions will be denied, the Boston Police Department will be dismissed from this action, and plaintiff will be ordered (1) to either pay the $400 filing or file a renewed and complete *in forma pauperis* motion, and (2) file an amended complaint that cures the deficiencies identified below.

**I.     Background**

On December 17, 2018, *pro se* prisoner Emmanuel Evariste filed this action against the Boston Police Department, Officer Jonathan O'Brien and Officer K. Dugal. Evariste alleges that he was subject to illegal search and seizure, contending that he was strip-searched in a convenience store by the officers. He further contends that he was taken into custody, and at some point he suffered personal injury in an automobile accident while in the custody of the Suffolk County Sheriff's Office. Along with his complaint, Evariste filed an incomplete motion for leave to proceed *in forma pauperis*, a motion for discovery, and motion for speedy trial.

On December 21, 2018, the Court ordered Evariste to file a renewed and complete motion to proceed *in forma pauperis*. On January 22, 2019, he filed a renewed motion to proceed *in forma pauperis*. Subsequent to filing this motion, Evariste filed a motion to amend the complaint, a motion to expedite final judgment, a motion for summary judgment, a motion for injunctive relief, a motion for judiciary [sic] notice, and two motions for default judgment.

## II.     Discussion

### A.     The Filing Fee

Evariste's renewed motion to proceed *in forma pauperis* will be denied because it did not include an affidavit as required by 28 U.S.C. §1915(a)(1), nor did it include a complete prisoner account statement as required by 28 U.S.C. §1915(a)(2). Evariste will be afforded a final opportunity to resolve the fee payment issue. By April 22, 2019, he shall either: (1) pay the $400 filing and administrative fee or (2) file a renewed and complete motion to proceed *in forma pauperis* including the required prisoner account statements "for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. §1915(a)(2). The clerk will be directed to provide Evariste with a form AO240, Application to Proceed in District Court without Prepaying Fees or Costs.

### B.     Initial Screening of the Complaint

Because Evariste is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. §1915A. In connection with that preliminary screening, his *pro se* complaint will be construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

1. **Boston Police Department Is Not an Entity Subject to Suit.**

The Boston Police Department is not an entity separate from the City of Boston, and therefore not subject to suit under 42 U.S.C. §1983. *Douglas v. Boston Police Dep't*, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *2 (D. Mass. July 1, 2010) (collecting cases). Accordingly, the Boston Police department is not a proper party defendant to this lawsuit, and will be dismissed. *Id.* (citing *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991). *Douglas v. Boston Police Dep't*, No. C.A. 10-11049-WGY, 2010 WL 2719970, at *2 (D. Mass. July 1, 2010).

2. **The Complaint Fails to Comply with the Pleading Requirements of the Federal Rules of Civil Procedure.**

In its present form, the complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why . . . ." *Educadores Puertorriqueños en Acción v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004).

Moreover, under Rules 8 and 12, a plaintiff must plead more than a mere allegation that the defendants have harmed him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a complaint

must be signed and stated in numbered paragraphs.  *See* Fed. R. Civ. P. 10(b) (requiring that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to . . . the party's attention").

Here, the complaint is an unsigned, three-page single-spaced narrative of intertwined conclusory factual and legal claims.  There are no paragraph numbers.  It would be unfair to require the defendants to respond to the complaint in its current form.   Accordingly, to the extent Evariste wishes to proceed, he must file a further amended complaint—that is, a new stand-alone document—that cures the problems identified by the Court.

To begin, it must set forth plausible claims upon which relief can be granted.  It should not set forth the claims in a narrative format; rather, it should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims.  In other words, it should set forth at least minimal facts as to who did what to whom, when, and where.  It should not assert multiple claims against a defendant in one count; rather, it should identify separately each claim and the grounds for that claim.

If an amended complaint is filed, it will be further screened.  While the complaint may include exhibits that are relevant to the claims, *see*  Fed. R. Civ. P. 10(c), the use of exhibits does not excuse the plaintiff of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.   Because the Court is ordering Evariste to amend his complaint, his motion to amend the complaint will be denied as moot.

3. **Remaining Pending Motions**

Evariste has filed several additional motions, some of which are filed in multiple cases he

has pending in this district.  The Court will dispose of the remaining pending motions as to this action as follows:

The motion for discovery will be denied without prejudice subject to refiling if summonses are issued in this action.  In any event, this request would appear to be the subject of a discovery subpoena, rather than a motion.

The motion for speedy trial and motion to expedite final judgment will each be denied without prejudice.  Evariste contends that being on probation for his underlying criminal convictions is an injury that requires that this civil action will be expedited.  He also contends that he was recently informed by an Immigration Judge that the results of his motion in the Boston Municipal Court to vacate his criminal convictions and outcome of this civil action "can alter the outcome of Immigration court to cancel his removal from the U.S.," and therefore seeks to have this case expedited.  ECF No 13.  Plaintiff does not, however, state *how* this civil action will favorably impact his deportation proceeding.  As best the Court can discern, the only manner by which success in this civil action would favorably affect his deportation proceedings is if the result of this action would necessarily invalidate his underlying criminal convictions, which is doubtful at best.  *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [federal civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

The motion for summary judgment, motion for injunctive relief, and motion for "judiciary" notice, will each be denied without prejudice because Evariste failed to "file a

memorandum of reasons, including citation of supporting authorities, why the motion should be granted." L.R. 7.1(b)(2).

The motions for default judgment will be denied. Summonses have not yet issued in this action. Accordingly, a notice of default cannot, and has not, issued in this action, pursuant to Fed. R. Civ. P. 55(a), making a request for default judgment premature.

### III.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* is DENIED without prejudice. By April 22, 2019, plaintiff shall either (1) pay the $400 filing and administrative fee or (2) file a renewed and complete motion to proceed *in forma pauperis* including the required prisoner account statements "for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official from each prison at which the prisoner is or was confined." 28 U.S.C. §1915(a)(2). Failure to comply with this Order will likely result in dismissal of this action without prejudice.

2. The claims against defendant Boston Police Department are DISMISSED.

3. By April 22, 2019, plaintiff shall file an amended complaint that cures the deficiencies identified above. Failure to comply with this order will likely result in dismissal of this action.

4. Plaintiff's Motion to Amend is DENIED as moot.

5. Plaintiff's Motions for Default Judgment are DENIED.

6. The remaining pending motions are each DENIED without prejudice.

7. Summonses shall not issue pending further order of the Court.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor IV
Dated: March 27, 2019                    United States District Judge